**April Upchurch Fredrickson, OSB #132027**
*April.Fredrickson@JacksonLewis.com*
**Mark A. Crabtree, OSB #015070**
*CrabtreeM@JacksonLewis.com*
Jackson Lewis P.C.
1001 SW 5th Avenue, Ste. 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (facsimile)
**ATTORNEYS FOR DEFENDANT**

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

### PORTLAND DIVISION

| | | |
|---|---|---|
| SUSAN DENISE MCPHEE, | ) | **Case No.  3:15-cv-00421-ST** |
| | ) | |
| Plaintiff | ) | **DEFENDANT'S ANSWER AND** |
| | ) | **AFFIRMATIVE DEFENSES** |
| v. | ) | |
| | ) | |
| TÜV SÜD AMERICA, INC., a foreign business corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant TÜV SÜD America, Inc. ("Defendant") by and through its counsel of record, answers Plaintiff's Complaint as follows:

### NATURE OF THE ACTION

1.

The allegations in paragraph 1 do not contain any facts requiring an answer.  To the extent an answer is required, Defendant denies that plaintiff was subjected to unlawful discrimination or that she was damaged by Defendant's actions or omissions.

**Page 1 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**Jackson Lewis P.C.**
1001 SW 5th Ave., Ste. 1205
Portland OR 97204
(503) 229-0404
(503) 229-0405 (fax)

## PARTIES

### 2.

In response to paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

### 3.

In response to paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

## FACTUAL ALLEGATIONS

### 4.

In response to paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

### 5.

In response to paragraph 5 of the Complaint, Defendant admits plaintiff met or exceeded her sales quota goals.  Defendant denies all remaining allegations in paragraph 5 including Plaintiff's assertion that she reported gender discrimination.

### 6.

In response to paragraph 6 of the Complaint, Defendant admits that Rabago was a supervisor in the Engineering Department at the time of Plaintiff's hire.  Defendant admits that in or about January 2013, Rabago told Godfrey that he would rather work with him than with Plaintiff.  Defendant lacks sufficient knowledge, information, or belief to admit or deny what Godfrey told Plaintiff, and therefore denies the allegation.  Defendant admits that Godfrey and Rabago are male and were younger than plaintiff.  Defendant denies the remaining allegations in paragraph 6.

### 7.

In response to paragraph 7 of the Complaint, Defendant denies each and every allegation contained therein.

**Jackson Lewis P.C.**
1001 SW 5th Ave., Ste. 1205
Portland OR 97204
(503) 229-0404
(503) 229-0405 (fax)

8.

In response to paragraph 8 of the Complaint, Defendant admits Plaintiff reported comments allegedly made by Rabago to Joe Janeliunas.  Defendant denies that Rabago called Plaintiff stupid.  Defendant denies all remaining allegations in paragraph 8 including Plaintiff's allegation that she reported gender discrimination.

9.

In response to paragraph 9 of the Complaint, Defendant denies the allegations contained therein.

10.

In response to paragraph 10 of the Complaint, Defendant denies the allegations contained therein.

11.

In response to paragraph 11 of the Complaint, Defendant admits that Rick Grumski sent Plaintiff an email which said "grow a pair and roll on your own" and "your hubby must be extremely tolerant (or p whipped)."  Defendant denies the remaining allegations in paragraph 11, including any implied assertion that Grumski was Plaintiff's supervisor, as well as Plaintiff's assertion that Grumski's email was part of any pattern of conduct directed toward Plaintiff.

12.

In response to paragraph 12 of the Complaint, Defendant denies that it engaged in harassment or directed hostility towards Plaintiff.  Defendant admits that Plaintiff complained to HR representative Gillian Francis about Grumski's email.   Defendant lacks sufficient knowledge, information, or belief to admit or deny the remaining allegations, and therefore denies each and every other allegation in paragraph 12.

**Page 3 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**Jackson Lewis P.C.**
1001 SW 5th Ave., Ste. 1205
Portland OR 97204
(503) 229-0404
(503) 229-0405 (fax)

13.

In response to paragraph 13 of the Complaint, Defendant admits that Plaintiff was absent from work the week of June 24, 2013.  Defendant denies the remaining allegations in paragraph 13.

14.

In response to paragraph 14 of the Complaint, Defendant admits Plaintiff returned to work on or about July 1, 2013.  Defendant also admits that Plaintiff reported that alleged workplace stresses caused her to take prescription medication and see a counselor.  Defendant also admits that Plaintiff requested that alleged discriminatory and retaliatory conduct stop. Defendant denies Plaintiff suffered any discriminatory and retaliatory conduct.  Defendant denies each and every other allegation contained therein.

15.

In response to paragraph 15 of the Complaint, Defendant admits that on or about July 12, 2013, Plaintiff participated in telephone call with Steve Dykstra, Doug Hughes, and corporate HR Phil Legan.  Defendant also admits that Plaintiff was informed that the Company had addressed her concerns of unprofessional communications among team members.  Defendant denies each and every other allegation in paragraph 15.

16.

In response to paragraph 16 of the Complaint, Defendant admits that Plaintiff asked Hughes if Hughes wanted her to work for the Company.  Defendant denies each and every other allegation in paragraph 16.

17.

In response to paragraph 17 of the Complaint, Defendant admits Plaintiff's employment was terminated effective July 15, 2013.  Defendant denies each and every other allegation in paragraph 17.

Page 4 – **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**Jackson Lewis P.C.**
1001 SW 5th Ave., Ste. 1205
Portland OR 97204
(503) 229-0404
(503) 229-0405 (fax)

18.

In response to paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

### Gender Discrimination - 42 U.S.C. § 2000e & ORS 659A.030

19.

Defendant incorporates by reference its response to the allegations asserted in paragraph 1 through 18 as though fully set forth herein.

20.

In response to paragraph 20 of the Complaint, Defendant denies the allegations contained therein including any implied assertion that Defendant acted in any discriminatory or unlawful manner toward Plaintiff.

21.

In response to paragraph 21 of the Complaint, Defendant denies the allegations contained therein and denies Plaintiff is entitled to the relief requested.

22.

In response to paragraph 22 of the Complaint, Defendant denies the allegations contained therein.

23.

In response to paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

24.

In response to paragraph 24 of the Complaint, Defendant denies the allegations contained therein.

**Jackson Lewis P.C.**
1001 SW 5th Ave., Ste. 1205
Portland OR 97204
(503) 229-0404
(503) 229-0405 (fax)

25.

In response to paragraph 25 of the Complaint, Defendant denies the allegations contained therein.

## SECOND CLAIM FOR RELIEF

## AGE DISCRIMINATION – 29 U.S.C. §§ 621 *et seq*., & ORS 659A.030

26.

Defendant incorporates by reference its response to the allegations asserted in paragraphs 1 through 18 and 21 through 25 as though fully set forth herein.

27.

In response to paragraph 27, Defendant admits that Plaintiff was between 50-55 during the period she worked for Defendant.  Defendant denies the remaining allegations in paragraph 27.

28.

In response to paragraph 28 of the Complaint, Defendant denies the allegations contained therein including any implied assertion that any Defendant acted in any discriminatory or unlawful manner toward Plaintiff.

## THIRD CLAIM FOR RELIEF

## RETALIATION - ORS 659A.030(1)(f) & ORS 659A.199

29.

Defendant incorporates by reference its response to the allegations contained in paragraphs 1 through 18 and 21 through 25, 27, and 28 as though fully set forth herein.

30.

In response to paragraph 30 of the Complaint, Defendant denies the allegations contained therein including any implied assertion that any Defendant acted in any discriminatory or unlawful manner toward Plaintiff.

**Page 6 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**Jackson Lewis P.C.**
1001 SW 5th Ave., Ste. 1205
Portland OR 97204
(503) 229-0404
(503) 229-0405 (fax)

## FOURTH CLAIM FOR RELIEF

### (Medical Leave Interference – ORS 659A.183(2))

31.

Defendant reincorporates its response to paragraphs 1 through 5, 12, 13, 14, 16, 17, 21, 22, and 25 as though fully set forth herein.

32.

The allegation in paragraph 32 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the allegation.

33.

The allegation in paragraph 33 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegation and therefore denies it.

34.

In response to paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

35.

In response to paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

36.

In response to paragraph 36 of the Complaint, Defendant denies the allegations contained therein, and denies Plaintiff is entitled to any of the relief requested.

## FIFTH CLAIM FOR RELIEF

### (Common Law Wrongful Discharge)

37.

Defendant incorporates by reference its response to the allegations of paragraphs 1 through 5, 12, 13, 14, 16, 17, 21, 22, and 32 through 35 as though fully set forth herein.

**Jackson Lewis P.C.**
1001 SW 5th Ave., Ste. 1205
Portland OR 97204
(503) 229-0404
(503) 229-0405 (fax)

38.

In response to paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

By way of affirmative defense to the allegations of Plaintiff's Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has and continues to have the ability and opportunity to mitigate her alleged compensatory and/or non-economic damages and she has failed and refused to mitigate those alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or any purported claim for relief alleged therein, is barred in that Plaintiff is estopped by her conduct to claim any right to damages or any relief against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant took reasonable care to prevent discrimination and to promptly correct any alleged improper conduct.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims that any act of Defendant or its employees caused her alleged emotional distress, the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, lies under the Oregon Workers' Compensation system.

**Page 8 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**Jackson Lewis P.C.**
1001 SW 5th Ave., Ste. 1205
Portland OR 97204
(503) 229-0404
(503) 229-0405 (fax)

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be offset by payments Plaintiff received from third-parties, including but not limited to unemployment compensation benefits.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, or any purported claim for relief alleged therein, is barred in whole or in part because assuming *arguendo* that discriminatory or retaliatory reasons were a factor in any employment decision involving Plaintiff, Defendant would have made the same employment decisions with regard to Plaintiff in any case for legitimate, non-discriminatory, non-retaliatory business reasons.

## EIGHTH AFFIRMATIVE DEFENSE

All decisions and actions regarding Plaintiff's employment were done in the exercise of proper managerial discretion and in good faith, based upon legitimate business necessity or justification.  All actions taken by Defendant with respect to Plaintiff were taken for legitimate, nondiscriminatory and nonretaliatory business reasons.

## NINTH AFFIRMATIVE DEFENSE

All decisions and actions regarding Plaintiff's employment were done in the exercise of proper managerial discretion and in good faith, based upon legitimate business necessity or justification and would have regardless of the Plaintiff's medical leave.

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by their Complaint;

2.      That the Complaint be dismissed in its entirety with prejudice;

3.      For costs of suit incurred herein, including reasonable attorneys' fees; and

**Jackson Lewis P.C.**
1001 SW 5th Ave., Ste. 1205
Portland OR 97204
(503) 229-0404
(503) 229-0405 (fax)

4.      For such other and further relief as the Court deems just and equitable.

DATED this 20th day of March, 2015.

JACKSON LEWIS P.C.

By:      /s/ Mark Crabtree
        **April Upchurch Fredrickson, OSB #132027**
        *April.Fredrickson@JacksonLewis.com*
        **Mark A. Crabtree, OSB #015070**
        *CrabtreeM@JacksonLewis.com*
        Jackson Lewis P.C.

        Attorneys for Defendant

**Jackson Lewis P.C.**
1001 SW 5th Ave., Ste. 1205
Portland OR 97204
(503) 229-0404
(503) 229-0405 (fax)

**DECLARATION OF SERVICE**

I hereby certify that I served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** by:

■ CM/ECF

☐ Electronic Mail

☐ US Postal Service

☐ Facsimile Service

☐ Arranging for Hand Delivery

☐ Federal Express


as follows on the date stated below:


Craig Crispin
Crispin Employment Lawyers
1834 SW 58th Ave., Suite 200
Portland, OR 97221
Phone: 503-293-5770
Email crispin@employmentlaw-nw.com

    Attorney for Plaintiff


    DATED this 20th day of March, 2015.


           By: /s/ Lori Dayton
             Lori Dayton

4839-0429-9042, v. 1

**Jackson Lewis P.C.**
1001 SW 5th Ave., Ste. 1205
Portland OR 97204
(503) 229-0404
(503) 229-0405 (fax)